UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARY JOSEPH STELLY, JR.                CIVIL ACTION NO. _____

VERSUS                                 JUDGE _____

BP AMERICA, INC., ET AL                MAGISTRATE _____

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff, Gary Joseph Stelly, Jr., a person of the full age of majority and a resident and domiciliary of Iberia Parish, Louisiana, who respectfully represents:

1.

Made defendants herein are:

a) BP AMERICA, INC., d/b/a, aka, and BP EXPLORATION & OIL INC., d/b/a, aka, and BP PRODUCTS NORTH AMERICA, INC., upon information and belief, foreign corporations authorized to do and doing business in the State of Louisiana, hereinafter referred to as "BP";

b) EXXON MOBIL CORPORATION, upon information and belief, a foreign corporation authorized to do and doing business in the State of Louisiana, hereinafter referred to as "Exxon"; and

c) BIS SALAMIS, INC., upon information and belief, a domestic corporation authorized to do and doing business in the State of Louisiana.

2.

The jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to Article 3, Section 2, of the United States Constitution, and 28 USC, Sections 1331, 1332, and 1333, and the Jones Act, 46 USC Section 688.

3.

On or about September 8, 2009, plaintiff, Gary Joseph Stelly, Jr., was a seamn and employee of BIS Salamis, Inc., and was assigned to and doing maintenance work aboard the vessel THUNDER HORSE, which was located in the Gulf of Mexico off the coast of Louisiana in federal waters approximately 150 miles Southeast of New Orleans, Louisiana, in Blocks 778/822.

4.

The THUNDER HORSE is a semi-submersible vessel.

5.

At all times pertinent hereto, including September 8, 2009, THUNDER HORSE was owned and/or operated and/or managed and/or chartered and/or controlled by defendants, BP and Exxon.

6.

Upon information and belief, on September 8, 2009, an oil leak occurred aboard the vessel THUNDER HORSE when a gasket failed in a pipe system.

7.

At the time of the oil leak, the vessel THUNDER HORSE did not have sufficient crew to properly contain a spill and perform cleanup.

8.

Gary Joseph Stelly, Jr. was pressed into service on behalf of BP and Exxon, to assist in the cleanup of oil.

9.

Gary Joseph Stelly, Jr. was not provided training or proper equipment to deal with the oil spill and was injured when he stepped over a pipe onto an oily surface and slipped and twisted his knee.

10.

Additionally and/or alternatively, plaintiff avers that the owners and/or operators of the rig, THUNDER HORSE, are liable for said unseaworthy condition of the vessel in that it was improperly crewed and outfitted; and also as a result of a defective crew; and defective piping system; and lack of training; and lack of equipment.

11.

Additionally, plaintiff avers that as the owner and operator of the Thunder Horse vessel, BP is liable for said unseaworthy condition of the vessel.

12.

The liability of BP consists of the following non-exclusive acts:

a) Operating the rig in such a manner as to permit the escape of oil;

b) Pushing the impressed crew members to work at such a pace as to create unsafe conditions in the area, namely pushing the crew so fast that crew safety and health procedures were not in effect;

c) Insufficient or defective equipment, including cleanup materials, hazard waste suits, and boots;

d) Allowing the vessel to be unseaworthy;

e) Allowing the vessel to be improperly crewed;

f) Not providing proper training to the crew in the cleanup operation;

g) Insufficient crew members were inadequately trained in order to prevent the injury which occurred to plaintiff;

h) Insufficient or inadequate warning to impressed workers such as plaintiff with respect to the hazards and dangers of cleanup operations on the rig;

i) Insufficient or inadequate waste removal clothing and boots and procedures;

j) Lack of supervision being provided to impressed crew members of the rig with respect to the cleanup;

k) Defective piping system;

l) Failure to monitor the vessel's pipe system; and

m)     Other acts which will be presented at trial.

13.

The liability of Exxon consists of the following non-exclusive acts:

a)     Operating the rig in such a manner as to permit the escape of oil;

b)     Pushing the impressed crew members to work at such a pace as to create unsafe conditions in the area, namely pushing the crew so fast that crew safety and health procedures were not in effect;

c)     Insufficient or defective equipment, including cleanup materials, hazard waste suits, and boots;

d)     Allowing the vessel to be unseaworthy;

e)     Allowing the vessel to be improperly crewed;

f)     Not providing proper training to the crew in the cleanup operation;

g)     Insufficient crew members were inadequately trained in order to prevent the injury which occurred to plaintiff;

h)     Insufficient or inadequate warning to impressed workers such as plaintiff with respect to the hazards and dangers of cleanup operations on the rig;

i)     Insufficient or inadequate waste removal clothing and boots and procedures;

j)     Lack of supervision being provided to impressed crew members of the rig with respect to the cleanup;

k)     Defective piping system;

l)  Failure to monitor the vessel's pipe system; and

m)  Other acts which will be presented at trial.

14.

The liability of BIS Salamis, Inc. consists of the following non-exclusive acts:

a)  Failure to provide maintenance and cure;

b)  Failure to provide proper training;

c)  Allowing plaintiff to be pressed into the service of the cleanup crew without proper equipment or training; and

d)  Other acts which will be presented at the trial of this matter.

15.

As a result of defendant's negligence, Gary Joseph Stelly, Jr. suffered an injury to his left knee, which required him to undergo surgery.

16.

As a result of the acts of defendant, Gary Joseph Stelly, Jr. sustained the following damages and anticipated damages:

a)  Medical Expenses - Past, Present and Future

b)  Pain and Suffering - Past, Present and Future

c)  Mental Anguish, Emotional Distress - Past, Present and Future

d)  Lost Wages and Earning Capacity - Past, Present and Future

e)  Loss of Enjoyment of Life - Past, Present and Future

17.

Gary Joseph Stelly, Jr. is in need of additional surgery for which he has been denied maintenance and cure.

18.

Gary Joseph Stelly, Jr.'s right knee is painful as a result of being required to bear the greater portion of his weight.

19.

Defendants are liable for punitive damages as a result of failing to provide maintenance and cure.

20.

Insofar as this is a general maritime law claim, plaintiff is entitled to assert a claim for punitive damages, and does so herein, insofar as it was known or should have been obvious to defendants, BP and Exxon, that failure to properly control the oil spill and clean up and training and provision of the crew, presented a manifestly dangerous hazard. Plaintiff respectfully requests that this Honorable Court award a reasonable sum as punitive damages against defendants, BP and Exxon, so as to discourage future reckless and wanton disregard for safety of persons on their vessel and using their facilities.

21.

Plaintiff requests a trial by jury.

22.

Amicable demand has been made to no avail.

23.

Petitioner is an American seaman within the meaning and intent of 28 U.S.C. 1916 and is entitled to proceed and prosecute this litigation without prepayment of costs.

W H E R E F O R E, petitioner prays that defendants be duly cited and served with a copy of this petition, and that after due proceedings had, there be judgment herein in favor of your petitioner, Gary Joseph Stelly, Jr., and against the defendants, BP AMERICA, INC., d/b/a, aka, and BP EXPLORATION & OIL INC., d/b/a, aka, and BP PRODUCTS NORTH AMERICA, INC., EXXON MOBIL CORPORATION, and BIS SALAMIS, INC., in solido, for such damages as are reasonable in the premises, together with judicial interest from date of demand, and for all costs of these proceedings.

Plaintiff further prays for a trial by jury.

And for all other just and equitable relief to which your petitioner is otherwise entitled.

> GOFORTH & LILLEY,
> A PROFESSIONAL LAW CORPORATION
> _s/William H. Goforth_
> **WILLIAM H. GOFORTH**
> Bar Roll No. 1379
> 109 Stewart Street
> Post Office Drawer 3563
> Lafayette, Louisiana   70502-3563
> 337-237-5777
> Fax - 337-232-0786
> ATTORNEY FOR GARY JOSEPH STELLY, JR.